IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED AL-ZARNOUQI, *et al.* ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-1767 (RMU) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' OPPOSITION TO MOTION FOR EXPEDITED RULING ON
MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby oppose petitioners' motion for expedited ruling on motion for entry of protective order. As explained in respondents opposition to petitioners' motion for entry of protective order (dkt. no. 7), the Court lacks jurisdiction over this case because petitioners' *habeas* petition was not properly filed in this Court. Both the Detainee Treatment Act (DTA), in effect when this case was filed, and the Military Commissions Act (MCA), currently, have provided unambiguously that District Court jurisdiction does not exist over the above-captioned case.

Petitioners' motion for expedited ruling also incorrectly gives the impression that entry of the protective order by this Court is the only barrier to access with petitioners. That is not the case. While petitioners' counsel are scheduled to visit Guantanamo Bay on December 11-15, 2006 to meet with one petitioner in another *habeas* case, no logistical arrangements have been made for petitioner's counsel to meet with the two petitioners in this case. Arranging such additional meetings will be a significant logistical undertaking, whether such an undertaking

involves extending the length of counsel's visit to Guantanamo or arrangements for visits with additional detainees, or both. For example, moving additional detainees from their cells to the area of Guantanamo where counsel meetings take place requires a number of logistical and security measures, including orders from military supervisors to move the detainee, arrangements for vehicular transport, and arrangements for multiple guards and support personnel for the movement of the detainee, his personal belongings, and for the delivery of meals. These arrangements must be orchestrated with other operational functions and duties at Guantanamo, including, but not limited to, daily meals, multiple daily prayer calls, exercise opportunities as well as other previously-scheduled habeas counsel visits. Thus, while done frequently – indeed, virtually daily over the past year – counsel visits can be accommodated for only a limited number of detainees at any given time and therefore typically require several weeks advance notice for scheduling. In light of these logistical burdens, even if the Court exercises jurisdiction over this case – contrary to the clear statutory language of the DTA and MCA – and enters the protective order, respondents should not be compelled or required to arrange for counsel access to petitioners during counsel's upcoming visit to Guantanamo Bay.[1] Accordingly, an expedited ruling on counsel's motion for entry of protective order is not warranted or appropriate, even if the Court were inclined to enter the protective order despite the statutory withdrawal of the Court's jurisdiction.

---

[1] Arranging immediate counsel visits, with little or no prior notice, even on a case-by-case basis, typically would be difficult to accomplish and accommodate, and permitting such a practice when the Guantanamo *habeas* litigation involves well over two hundred different cases involving several hundred different attorneys and over two hundred different detainees would be a recipe for chaos.

For the reasons stated above, petitioners' motion for expedited ruling on motion for entry of protective order should be denied.

Dated: December 1, 2006          Respectfully submitted,

                                     PETER D. KEISLER
                                     Assistant Attorney General

                                     DOUGLAS N. LETTER
                                     Terrorism Litigation Counsel


                                       /s/ Andrew I. Warden
                                     JOSEPH H. HUNT (D.C. Bar No. 431134)
                                     VINCENT M. GARVEY (D.C. Bar No. 127191)
                                     TERRY M. HENRY
                                     JAMES J. SCHWARTZ
                                     PREEYA M. NORONHA
                                     ROBERT J. KATERBERG
                                     NICHOLAS J. PATTERSON
                                     ANDREW I. WARDEN (IN Bar No. 23840-49)
                                     EDWARD WHITE
                                     Attorneys
                                     United States Department of Justice
                                     Civil Division, Federal Programs Branch
                                     20 Massachusetts Ave., N.W.  Room 7144
                                     Washington, DC  20530
                                     Tel:  (202) 514-4107
                                     Fax:  (202) 616-8470
                                     Attorneys for Respondents