IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED AL-ZARNOUQI, *et al.*  )
)
)
*Petitioners/Plaintiffs*,  )
)
v.  )
) No. 06-1767 (RMU)
GEORGE W. BUSH, *et al.*  )
) **DECLARATION OF COUNSEL IN**
) **FURTHER SUPPORT OF MOTION**
*Respondents/Defendants*.  ) **FOR EXPEDITED RULING**

I, Brian J. Neff, make the following Declaration, pursuant to 28 U.S.C. § 1746:

1.  I am an attorney-at-law of the State of New York and counsel to the law firm of Schiff Hardin, LLP, counsel for Petitioners in the above-captioned matter. As such, I am fully familiar with the matters set forth in this declaration.

2.  Respondents' opposition to Petitioners' motion for an expedited ruling makes the claim – unsupported by any affidavit – that arranging a counsel visit "with little or no prior notice" would impose an untenable logistical burden on Respondents. (Respondents' Opposition at 2.)

3.    However, Respondents have known since October 20, 2006, that counsel wished to meet with Petitioners next week. Attached hereto as Exhibit A is the October 20, 2006, email and attached Habeas Visit Coordination Sheet that I sent to counsel for Respondents. The Sheet requests visits with our client from another *habeas* case on December 12, with Petitioner Al-Zarnouqi on December 13, and with Petitioner Alsabri on December 14.

4.    When counsel for Respondents, referring to their opposition to entry of the Protective Order in this matter, refused to schedule the requested visits with Petitioners, I advised him we would seek to meet with all three clients on this trip if the Court granted the pending motion. A copy of my November 7, 2006, email to that effect is attached as Exhibit B. Thus, Respondents have known for a number of weeks that these visits might occur.

5.    In addition, although Respondents' opposition refers to potential problems associated with "extending the length of counsel's visit to Guantanamo" (Resp. Opp. at 2), we are not seeking to extend the length of our visit. Rather, in accordance with our October 20, 2006, request, we are currently scheduled to be at Guantanamo from Monday through Friday of next week and hope to meet with all three clients in accordance with the schedule set forth in that request. (Ex. A.)

6.    Finally, attached as Exhibit C is yet another order – this one entered by Judge Kessler in *Razak v. Bush*, No. 05-1601, on December 1, 2006 – which recognizes the Court's continuing authority to enter the Protective Order. (Ex. C at

4 n. 1.) Judge Kessler's order is also noteworthy in its recognition of the general point that the Guantanamo detainees are greatly prejudiced by continuing to hold these cases in abeyance until related appellate proceedings are resolved. (*Id.* at 3.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

December 4, 2006

                                                         Brian J. Neff

NY\ 5114321.1