# EXHIBIT A

## Neff, Brian J.

| | |
|---|---|
| **From:** | Neff, Brian J. |
| **Sent:** | Friday, October 20, 2006 5:07 PM |
| **To:** | 'Andrew.Warden@usdoj.gov' |
| **Cc:** | Klein, Donald A. |
| **Subject:** | Habeas Visit Coordination Sheet |
| **Attachments:** | Scan001.PDF |

Dear Mr Warden:

Please advise if the arrangements on the attached sheet are acceptable.

Thank you.

Brian Neff


Brian J. Neff
Schiff Hardin, LLP
623 Fifth Avenue, 28th Floor
New York, N.Y. 10022
t 212.745.0858
f 212.753.5044

bneff@schiffhardin.com

# Habeas Visit Coordination Sheet

## Cases: Al Subaie v. Bush (05-2216); Al-Zarnouqi v. Bush (06-1767)

### Date: 10/20/06

Attorney/Interpreter Information:

| Name/Role * | Home City/State | SSN | Type clearance | Arrival day/time (including flight times & #s) | Departure day/time (including flight times & #s) |
|---|---|---|---|---|---|
| Donald Klein/A | Oakland/NJ | 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 | Secret | 12/11/06 Lynx # 510 ar 6:45 pm | 12/15/06 Lynx # 616 lv 8:30 am |
| Brian Neff/A | Hoboken/NJ | 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 | Secret | Same as D. Klein | Same as D. Klein |
| Mahmoud Khatib/I | Dearborn Hts./MI | 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 | Secret | Same as D. Klein | Same as D. Klein |
| | | | | | |

* For Attorney indicate with "/A"; for Interpreter indicate with "/I"

Visit Schedule*:

| Date | Morning (time) Detainee/Counsel | Afternoon (time) Detainee/Counsel |
|---|---|---|
| 12/12/06 | As much time as is permitted Bijad Defalla Oteibi/Klein & Neff | As much time as is permitted Bijad Defalla Oteibi/Klein & Neff |
| 12/13/06 | As much time as is permitted Mohamed Al-Zarnouqi /Klein & Neff | As much time as is permitted Mohamed Al-Zarnouqi/Klein & Neff |
| 12/14/06 | As much time as is permitted Mashour Abdullah Muqbel Alsabri/Klein & Neff | As much time as is permitted Mashour Abdullah Muqbel Alsabri/Klein & Neff |

# EXHIBIT B

# Neff, Brian J.

| | |
|---|---|
| **From:** | Neff, Brian J. |
| **Sent:** | Tuesday, November 07, 2006 6:55 PM |
| **To:** | 'Andrew.Warden@usdoj.gov' |
| **Subject:** | RE: Habeas Visit Coordination Sheet |

Thank you Andrew.  Understood.  At the risk of stating the obvious, our hope is that the Court will rule in our favor prior to the trip so that we will be able to meet with all three clients.

Brian


Brian J. Neff
Schiff Hardin, LLP
623 Fifth Avenue, 28th Floor
New York, N.Y. 10022
t 212.745.0858
f 212.753.5044
bneff@schiffhardin.com

-----Original Message-----
From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Tuesday, November 07, 2006 6:48 PM
To: Neff, Brian J.
Cc: Klein, Donald A.
Subject: RE: Habeas Visit Coordination Sheet

Brian,

Guantanamo can accommodate your requested visit dates, December 11-15, and meetings have been scheduled with petitioner Bijad Oteibi (ISN 122) on December 12-14.  However, we cannot agree to schedule counsel meetings with petitioners Mohammed Al-Zarnouqi and Mashour Abdullah Muqbel Alsabri at this time given the absence of entry of the protective order in the Al Zarnouqi case.  As you know, we have filed an opposition to your motion for entry of the protective order.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470



-----Original Message-----
From: BNeff@schiffhardin.com [mailto:BNeff@schiffhardin.com]
Sent: Friday, October 20, 2006 5:07 PM
To: Warden, Andrew (CIV)
Cc: dklein@schiffhardin.com
Subject: Habeas Visit Coordination Sheet

Dear Mr Warden:

Please advise if the arrangements on the attached sheet are acceptable.

1

Thank you.

Brian Neff


Brian J. Neff
Schiff Hardin, LLP
623 Fifth Avenue, 28th Floor
New York, N.Y. 10022
t 212.745.0858
f 212.753.5044
bneff@schiffhardin.com



------------------------------------------------------------------
Tax Matters:   To the extent this message or any attachment concerns tax matters, it is not
intended or written to be used, and cannot be used by a taxpayer, for the purpose of
avoiding penalties that may be imposed on the taxpayer under law.
------------------------------------------------------------------
This message and any attachments may contain confidential information protected by the
attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you
received the message in error.  Then delete it.  Thank you.
------------------------------------------------------------------

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAMID AL RAZAK, *et al.*, | : | |
| | : | |
| Petitioners, | : | |
| | : | |
| v. | : | Civil Action No. 05-1601 (GK) |
| | : | |
| GEORGE W. BUSH, *et al.*, | : | |
| | : | |
| Respondents. | : | |

MEMORANDUM ORDER

Respondents have moved for an Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, to Stay Proceedings Pending Related Appeals and For Continued Coordination. Upon consideration of the Motion, Petitioners' Opposition, Respondents' Reply, and the applicable case law, the Court concludes for the following reasons that the Motion for an Order to Show Cause should be **denied** and that the Motion to Stay the Proceedings Until Conclusion of the Related Appeals should be **granted**.

1.      The Court has concluded that Petitioner in this case has satisfied the requirements set forth in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), (1) that he demonstrate that the detainee on whose behalf he wishes to file a Petition for Writ of Habeas Corpus cannot challenge the legality of his detention himself and (2) that he has a significant relationship with the detainee evidencing that he is truly dedicated to the detainee's best interest. On pages 2-3 of the Opposition filed by Petitioner, he identifies the legal, cultural, and psychological isolation in which the detainee exists which demonstrate his inability to challenge the legality of his detention. They are as follows:

He is a resident of Afghanistan.

He has had virtually no contact with the news media or any word from outside the closed Guantanamo prison system for over 3 years.

He has had no contact with his friends or family members outside Guantanamo.

He is unfamiliar with the United States Court System.

He does not speak English.

He likely does not know what the term *Habeas Corpus* means.

He has no criminal charges against him.

He has every reason to distrust his captors and keepers.

He has every reason to rely on the friendship with other detainees, who speak his language and suffer the same disabilities.

He has every reason to challenge his confinement.

No party outside Guantanamo is aware of the specific camp in which he is being detained, nor the "grade" or "level" of detention he is presumed to be, each level being determinative of the privileges he receives.

He does not have access to a law library.

He cannot communicate with his attorney, nor does he even know at present that he has an attorney.

He has no expectation of release, ever.

In light of these facts, there can be little doubt in the Court's mind that Mr. Al Razak is not able to challenge the legality of his detention.

In response, the Government argues vigorously that it has made a number of different efforts to make counsel available, including through the American Bar Association and others, to those

-2-

detainees who do wish to file writs of habeas corpus, and that more than 200 of the detainees at Guantanamo have in fact filed such writs in their own names. The fact that some of the unfortunate petitioners who have been detained for many years in the terrible conditions at Guantanamo Bay have been knowledgeable enough to file their own petitions certainly does not demonstrate that Mr. Al Razak himself had either the sophistication, or confidence in the American justice system which has so delayed ruling on his status without even filing criminal charges against him, or the physical or mental stability, to do so on his own.

Finally, the Government has offered no evidence to contradict Petitioner's statements that he understands the meaning of the term "next friend," and that he knows that Mr. Al Razak wants a lawyer to assert his legal rights.

2.      In numerous cases, the Court has felt compelled, for purposes of judicial economy and efficiency, to grant Respondents' Motions to stay proceedings of the Guantanamo Bay cases until completion of related appeals. The longer those appellate proceedings drag on, the more problematic it becomes as to whether a stay serves the interest of justice. It is often said that "justice delayed is justice denied." Nothing could be closer to the truth with reference to the Guantanamo Bay cases.

**WHEREFORE**, it is this 1st day of December, 2006, hereby

**ORDERED** that Respondents' Motion for an Order to Show Cause is **denied**; and it is further

-3-

**ORDERED** that Respondents' Motion to Stay, [**#3**], is **granted** pending resolution of all appeals in <u>In re Guantanamo Bay Detainee Cases</u>, 355 F. Supp. 2d 443 (D.D.C. 2005) and <u>Khalid v. Bush</u>, 355 F. Supp. 2d 311 (D.D.C. 2005). This stay shall not prevent the parties from filing any motion for emergency relief; and it is further

**ORDERED** that Petitioner's counsel are to be given access to Petitioner as soon as they obtain security clearances in accordance with this Court's September 19, 2006 Order and the Orders referenced therein.[1]

/s/_____
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[1] (1)The Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; (2) the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004, Amended Protective Order, issued on December 13, 2004, in <u>In re Guantanamo Bay Detainee Cases</u>, Civil No. 02-0299, <u>et al.</u>, by Judge Joyce Hens Green.