# EXHIBIT H

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MUHAMMED KAHN TUMANI,                     :
*et al.*,                                 :
                                          :
              Petitioners/                :
              Plaintiffs,                 :     Civil Action No.:     05-0526 (RMU)
                                          :
         v.                               :
                                          :
GEORGE W. BUSH *et al.*,                   :
                                          :
              Respondents/                :
              Defendants                  :

## ORDER

### DIRECTING THE DEFENDANTS TO SHOW CAUSE AND SUBMIT FACTUAL RETURNS

Before the court is the plaintiffs' petition for a writ of habeas corpus. "A court, justice or

judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or

issue an order directing the respondent to show cause why the writ should not be granted, unless

it appears from the application that the applicant or person detained is not entitled thereto." 28

U.S.C. § 2243. In addition, "[t]he person to whom the . . . order is directed *shall* make a return

certifying the true cause of the detention." *Id.* (emphasis added).

The government takes the position that "[i]t makes no sense for proceedings related to the

merits of these cases, such as submission of factual returns in response to orders to show cause

regarding the issuance of habeas writs, to go forward when decisions from the D.C. Circuit . . .

will determine the legal analyses applicable to the cases[.]" Defs.' Mot. to Stay at 9.

Furthermore, the government argues that requiring submission of factual returns burdens the

government's resources and risks the inadvertent disclosure of classified information. *Id.* at 12-13.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective orders entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 19th day of April, 2005,

**ORDERED** that the defendants shall show cause why the writ should not be granted and submit factual returns within 90 days of this order.

**SO ORDERED**.


RICARDO M. URBINA
United States District Judge

# EXHIBIT I

UNCLASSIFIED

18 Jan 05

MEMORANDUM

From:  Assistant Legal Advisor
To:      Director, Combatant Status Review Tribunal
Via:     Legal Advisor

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
         FOR DETAINEE ISN #

Ref:     (a) Deputy Secretary of Defense Order of 7 July 2004
         (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl:    (1) Appointing Order for Tribunal # 19 of 4 November 2004
         (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of and actively participated in the Tribunal process. The detainee provided a sworn oral statement at the Tribunal hearing.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).

   d. The detainee did not request that any witnesses or evidence be produced.

e. The Tribunal's decision that detainee # ███████ is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE A. ERMENTROUT
CDR, JAGC, USNR

UNCLASSIFIED

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
ASSOCIATED PRESS,                    :
                                     :
             Plaintiff,              :        05 Civ. 3941 (JSR)
                                     :
             -v-                     :        OPINION AND ORDER
                                     :
UNITED STATES DEPARTMENT OF DEFENSE, :
                                     :
             Defendant.              :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

          Beginning in or around June 2004, ad hoc military tribunals

created by defendant Department of Defense conducted hearings to

determine whether each of the detainees held by the United States at

Guantanamo Bay, Cuba was properly classified an "enemy combatant."

In November 2004, plaintiff Associated Press sought the transcripts

of these proceedings (and certain other documents directly related

thereto) pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552.  When no timely response was received from defendant

(or so plaintiff alleges), the Associated Press commenced this

lawsuit in April 2005 seeking to compel disclosure.

          In response, the Department of Defense produced redacted

copies of the transcripts and related documents, removing the names

of the detainees and certain other "identifying information," such as

internment serial numbers, names and home locales of the detainees

and their families, information tending to reveal the nationalities

or countries of origin of the detainees, and names of other persons

identified or otherwise referenced by the detainees.  See Declaration

of Karen L. Hecker, dated June 30, 2005 ("Hecker Decl.") at ¶ 6.  No

claim was made, then or thereafter, that these redactions were
prompted by considerations of national security or the like.  Rather,
the sole basis given for the redactions was so-called "Exemption 6,"
which exempts from disclosure "personnel and medical files and
similar files the disclosure of which would constitute a clearly
unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

Contending that Exemption 6 justified each and all of the
redactions, the Department of Defense then moved for summary judgment
in its favor.[1]  To aid the Court in resolving the motion, the Court,
by Memorandum Order dated August 29, 2005, directed the Department of
Defense to ask each detainee whether he wished his identifying
information to be released to the Associated Press or not.  See also
Memorandum Order dated September 26, 2005 (denying reconsideration).
Specifically, each detainee was provided with a form (suitably
translated into the detainee's native tongue) which stated as
follows:

> You have previously appeared before a United States
> military tribunal and made statements that were written down
> in the form of a transcript.  The Associated Press, an
> international news organization, has asked the United States
> to release copies of those transcripts, so that it can report
> on the proceedings.  The United States has released large
> portions of those transcripts, but has held back information
> about your name and identity, believing that the release of
> such information may be dangerous to you and your family.

---

[1] The Department of Defense failed to file the required
Statement of Material Facts in connection with the motion.  See
Local Civil Rule 56.1.  Although such a failure may sometimes
warrant denial of a motion for summary judgment, see id., the
Court does not consider this case an appropriate case for
invocation of this sanction.

2

Before deciding whether this was proper, the Court that is
hearing this dispute would like to know your preference.
        Therefore, please check one of the two boxes below,
indicating whether or not you want to release identifying
information about yourself.
        __ Yes, I want the identifying information about
        myself released to the Associated Press.
        __ No, I do not want the identifying information about
        myself released to the Associated Press.

Of the 317 detainees who received the form, 63 checked "Yes," 17

checked "No," 35 returned the form without checking either response,

and 202 declined to return the form. See Declaration of Dale T.

Vitale, dated Oct. 28, 2005, at ¶ 4; Supplemental Declaration of Dale

T. Vitale, dated Dec. 19, 2005, at ¶ 2.

    Against this background, the defendant's motion for summary

judgment is now ripe for determination.  The relevant legal standards

are well established.  With regard to FOIA in general, "FOIA strongly

favors a policy of disclosure ... and requires the government to

disclose its records unless its documents fall within one of the

specific, enumerated exemptions set forth in the Act, ... [which] are

narrowly construed."  Nat'l Council of La Raza v. Dep't of Justice,

411 F.3d 350, 355-56 (2d Cir. 2005) (citations omitted).  "The

Department bears the burden of demonstrating that any claimed

exemption applies."  Id. at 356.  Furthermore, "the Government's

burden in establishing the requisite invasion of privacy to support

an Exemption 6 claim is heavier than the standard applicable to

[certain other exemptions]," United States Dep't of State v. Ray,

502 U.S. 164, 172 (1991), because the Government must show that

disclosure "would constitute" (as opposed to "could reasonably be

expected to constitute") a "clearly unwarranted" (as opposed to

3

simply "unwarranted") invasion of personal privacy.  <u>United States</u> <u>Dep't of Justice v. Reporters Comm. for Freedom of Press</u>, 489 U.S. 749, 756 (1989).  Finally, of course, a party is entitled to summary judgment only if it can show by undisputed facts supported by admissible evidence that it is entitled to judgment as a matter of law.  Rule 56, Fed. R. Civ. P.; <u>see also</u>, <u>e.g.</u>, <u>Giannullo v. City of</u> <u>New York</u>, 322 F.3d 139, 140 (2d Cir. 2003).

Applying these standards to the record on the instant motion, the Court concludes that the Department of Defense has failed to carry its burden.  The only privacy interest it purports to assert under Exemption 6 is that of the detainees; but of the 317 detainees in issue, only 17 have asserted a desire to have their identifying information kept confidential.  Moreover, so far as the record here discloses, none of the detainees – not even these 17 – had a reasonable expectation of privacy with respect to the identifying information they provided.  Most of the information was provided by them in formal legal proceedings before a tribunal, and nothing in the record before the Court suggests that they were informed that the proceedings would remain confidential in any respect.  Thus, this case is starkly different from <u>Ray</u>, <u>supra</u>, in which the Supreme Court, in approving the redactions of certain identifying information under Exemption 6, substantially grounded its decision on the fact that the repatriated Haitian "boat people" who provided the information had expressly been promised confidentiality by the U.S. Government and had plainly relied on that promise.  <u>See Ray</u>, 502 U.S.

4

at 170, 172, 177. Here, by contrast, the record on this motion evidences no such promise, express or implied.

The Department of Defense argues, nonetheless, that Ray supports its position because of language in that decision suggesting that the unidentified Haitians there who had agreed to talk to the U.S. Government after being returned to Haiti had a reasonable fear that they and their families would face embarrassment and retaliation if their identities were made known and their privacy left unprotected. See id. at 176-77. But this "derivative" harm – if cognizable at all under Exemption 6, see id. at 179-83 (Scalia, J., concurring on the ground that the majority opinion's references to such harm are pure dicta) – was premised on fears so well founded that the U.S. Government not only had demanded that Haiti not so retaliate but also had monitored the situation by interviewing the returned Haitians under strict promises of confidentiality. Here, by contrast, the Department of Defense has failed to come forward on this motion with anything but thin and conclusory speculation to support its claims of possible retaliation.[2] Even under the relaxed evidentiary standards that might arguably apply in these unusual circumstances, such a meager and unparticularized showing is inadequate to meet the standards either of Rule 56 or of FOIA. See

---

[2] A typical example: "If the detainee's identity is connected to his testimony, and terrorist groups or other individuals abroad are displeased by something the detainee said to the Tribunal, DOD believes that this could put his family at serious risk of reprisals – including death or serious harm – at home. This risk also translates to the detainee himself when he is released from detention." Hecker Decl. at ¶ 9; see also id. at ¶¶ 10-12.

Halpern v. FBI, 181 F.3d 279, 293 (2d Cir. 1999) (to justify application of an exemption under FOIA, government must provide sufficient specificity to permit meaningful judicial review). Even less does it satisfy the heavier burden under Exemption 6 to show that disclosure would in fact constitute a clearly unwarranted invasion of personal privacy.[3]

In short, the Department of Defense has failed on this motion to establish, by undisputed admissible evidence, any cognizable privacy interest on the part of the detainees that would warrant the across-the-board application of Exemption 6 the defendant here seeks.[4] Accordingly, the defendant's summary judgment motion is denied. Counsel for the parties are directed to jointly call Chambers this Thursday, January 5, 2006, at 12:30 P.M. to schedule further proceedings consistent with this Opinion and Order.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
          January 4, 2006

---

[3] It is conceivable that in the particular circumstances of a particular detainee, the defendant could meet this burden with respect to some particular items of the redacted information; but the Department of Defense seeks across-the-board redaction of any and all information even remotely tending to identify any of the detainees. Compare NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162-65 (1975), with Reporters Comm. for Freedom of Press, 489 U.S. at 776-77.

[4] For this reason, the Court finds it unnecessary to reach the numerous other issues raised by the respective parties, such as, e.g., whether the transcripts here in issue qualify as "similar files" under Exemption 6.

6

# EXHIBIT K

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MOHAMED AL-ZARNOUQI *et al.*, | : | | |
| | : | | |
| Petitioners/ | : | Civil Action No.: | 06-1767 |
| Plaintiffs, | : | | |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| | : | | |
| Respondents/ | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

### GRANTING THE PETITIONERS' MOTION FOR ENTRY OF A PROTECTIVE ORDER; STAYING THE CASE; AND ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE THE PETITIONERS

This matter comes before the court on the petitioners' motion for entry of a protective order establishing procedures for access to counsel by detainees in Guantanamo Bay, Cuba ("GTMO"). The petitioners are Yemenese citizens classified as enemy combatants and detained at GTMO. Pet. for Writ of Habeas Corpus at 2. The respondents oppose the motion, arguing that this court does not have jurisdiction to consider habeas petitions filed after December 30, 2005. Specifically, the respondents argue that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, ("DTA") and the Military Commissions Act of 2006, Pub. L. No. 109 --- ("MCA"), when read together with the Supreme Court's decision in *Hamdan v. Rumsfeld*, 548 U.S. --- (2006), divest this court of jurisdiction over habeas petitions filed after the enactment of the DTA. Resps.' Opp'n at 2-4. For the reasons that follow, the court grants the petitioners' motion for entry of the protective order, stays the case, and orders 30 days' notice of any intent to move the petitioners.

The DTA amended the federal habeas statute, 28 U.S.C. § 2241, by adding language giving the D.C. Circuit Court of Appeals "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant." DTA § 1005(e). In other words, the DTA purports to eliminate this court's jurisdiction over the habeas petitions filed by or on behalf of detainees in GTMO. The MCA further amends the habeas statute (and the DTA) and provides that "no court, justice, or judge shall have jurisdiction" to consider habeas petitions filed by or on behalf of detainees whom the United States has "properly" determined are enemy combatants or who are awaiting such determination. MCA § 7(a).

The D.C. Circuit, however, has not yet decided the scope of the DTA and MCA provisions stripping this court of jurisdiction over the habeas petitions filed by GTMO detainees. *Hicks v. Bush*, --- F. Supp. 2d ----, 2006 WL 2699305, at * 4 (D.D.C. Sept. 21, 2006) and Order, Case No. 05-5062 (D.C. Cir. Oct. 18, 2006). Stated differently, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear. "Despite the lack of finality regarding the issues on appeal, however, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention. Allowing petitioners to meet with their lawyers is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible jurisdiction." *Feghoul v. Bush*, 2006 WL 3096856, at *1 (D.D.C. Oct. 31, 2006) (internal quotations and punctuation omitted) (quoting *Said v. Bush*, Civil Action No. 05-2384, slip. op. at 10 (D.D.C. May 23, 2006)). That said, precisely because the current jurisdictional waters are murky, the court also stays the proceedings in this case. *Id.*, at * 1-2 (citing *Wash. Metro. Transit*

2

*Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)).

Lastly, the court is aware of the petitioners' concern that the government may remove the

petitioners from GTMO in the near future, Pet. for Writ of Habeas Corpus at 16, thereby

divesting the court of jurisdiction (*de facto,* rather than through operation of the law). Such an

outcome would abuse the processes now put in place for the purpose of adjudicating matters on

their merits. *See Rasul v. Bush*, 542 U.S. 466 (2004). The court cannot allow such a scenario to

unfold and will "guard against depriving the processes of justice of their suppleness of adaptation

to varying conditions." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). Coextensive with the

district court's inherent power to stay proceedings is the court's power to craft a stay that

balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing

"even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S.

681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District

Court to evaluate in its management of the case").

Accordingly, it is this 4th day of December, 2006,

**ORDERED** that the petitioners' motion for entry of a protective order is **GRANTED**,

and it is

**FURTHER ORDERED** that the case is stayed pending resolution of the appeals pending

before the D.C. Circuit Court of Appeals in *In re Guantanamo Detainee Cases* and *Boumediene

v. Bush et al.*, and it is

**ORDERED** that the court **ENTERS** by way of reference the protective orders previously

entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures

for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In*

*re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

4

# EXHIBIT L

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUR RAZAKAH, *et al.*, ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 05-2370 (EGS) |
| GEORGE W. BUSH, *et al.* ) | |
| Respondents. ) | |

### MEMORANDUM OPINION AND ORDER

On December 19, 2006, Petitioners Abdur Razakah and Ahmad Doe [Tourson] -- citizens of the Xinjiang Autonomous Region of China -- requested that the Court issue an order requiring respondents to provide a factual return setting forth the basis for their detention.  Petitioners have been detained at the United States Naval Station in Guantanamo Bay ("Guantanamo") since 2002.  In December 2005, petitioners filed a petition for habeas corpus challenging the legality of their confinement. Petitioners claim that respondents have refused to produce a factual return or any other information justifying their detention since petitioners filed their habeas petition.  For the reasons stated by the Court in *Al-Ghizzawi v. Bush*, Civil No. 05-2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order) and *Kahn v. Bush*, Civil No. 05-1001 (D.D.C. Aug. 10, 2006) (Mem. Op. and Order), the Court grants the Motion for Production of Factual Return.

Respondents do not dispute petitioners' right to notice of the factual basis for their detention or to be represented by

counsel to challenge the legality of their detention. Rather,
respondents argue that this Court should deny the request for an
order requiring a factual return because the Court lacks
jurisdiction over the habeas petition under the Military
Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat.
2600, and the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No.
109-148, 119 Stat. 2680. The D.C. Circuit is currently
considering challenges to the MCA and DTA and has not yet
determined whether this Court has in fact been stripped of
jurisdiction over the habeas claims of Guantanamo detainees.
This is not an adequate reason to deny petitioners' motion
because a factual return "will obviously be needed regardless of
the resolution of the jurisdictional question." *Kahn*, Civil No.
05-1001 (D.D.C. Aug. 10, 2006) (Mem. Op. and Order) ("Without
access to the information contained within a factual return,
petitioner's counsel cannot offer anything approaching effective
representation in these proceedings."); *see also Feghoul v. Bush*,
Civil No. 06-618 (D.D.C. Oct. 31, 2006) (Mem. Order) ("Despite
the lack of finality regarding the issues on appeal, . . . it is
hardly sensible to withhold or frustrate something that no one
doubts is petitioner's right -- a meaningful communication with
counsel regarding the factual basis of petitioner's detention.").

Accordingly, it is hereby **ORDERED** that petitioners' Motion
for Production of Factual Return is **GRANTED**; and it is

2

**FURTHER ORDERED** that respondents shall provide factual returns to the Court and petitioners' counsel by **March 30, 2007**. The factual returns shall provide all information necessary for a determination of whether Abdur Razakah and Ahmad Doe [Tourson] are properly subject to detention by the United States.

**IT IS SO ORDERED.**

Signed:     Emmet G. Sullivan
            United States District Judge
            January 23, 2007

3

# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
ABDULLI FEGHOUL,              )
                              )
          Petitioner,         )
                              )
     v.                       )    Civil Action No. 06-618 (RWR)
                              )
GEORGE W. BUSH et al.,        )
                              )
          Respondents.        )
                              )
```

MEMORANDUM ORDER

Petitioner Feghoul is a detainee in United States custody at Guantanamo Bay Naval Base who filed *pro se* a petition for habeas corpus relief by depositing the *pro se* petition with his captors for filing in mid-November 2005. Now represented by a federal public defender, Feghoul has filed an amended petition, which seeks, among other things, an order restraining respondents from delivering, returning, or rendering him to a country where there is a foreseeable and imminent risk that he would be subjected to torture. In addition, Feghoul has filed motions seeking the entry of a protective order and an order compelling respondents to submit a factual return. Respondents oppose the relief requested, arguing lack of jurisdiction. They have also moved to dismiss or transfer this case for want of jurisdiction. In the alternative, respondents seek a stay of all proceedings pending resolution of the appeals in Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom.

-2-

Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir.
March 3, 2005) and In re Guantanamo Detainee Cases, 355 F.
Supp. 2d 443 (D.D.C. 2005), appeals docketed, Nos. 05-5064 et al.
(D.C. Cir. March 7, 2005).[1]

Feghoul's motions for a protective order and an order
directing respondents to file a factual return will be granted.
Respondents do not dispute petitioner's right to notice of the
factual basis for his detention or to be represented by counsel
to challenge the legality of his detention.  Rather, respondents
dispute this court's jurisdiction to entertain this petitioner's
habeas corpus petition.  Whether this court or another has
jurisdiction to determine the legality of petitioner's detention,
and what the exact nature and scope of the proceedings before the
court with jurisdiction should be, are legal questions that have
not yet been resolved by the D.C. Circuit and will not be
resolved here.  Despite the lack of finality regarding the issues
on appeal, however, it is hardly sensible to withhold or
frustrate something that no one doubts is petitioner's right -- a

───────────────

[1] Disputed matters on appeal before the District of
Columbia Circuit include the effect on district court
jurisdiction over cases such as this one filed before
December 30, 2005 of the Detainee Treatment Act ("DTA") enacted
on December 30, 2005 (which purported to strip district courts of
jurisdiction over Guantanamo detainee cases); the decision in
Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006) (holding in part that
the DTA did not govern cases filed before its enactment); and the
Military Commission Act of 2006 (which purported to strip
district courts of jurisdiction over all Guantanamo detainee
cases).

-3-

meaningful communication with counsel regarding the factual basis
of petitioner's detention. "Allowing petitioners to meet with
their lawyers . . . is not the type of interim relief that even
remotely risks infringing on the Court of Appeals' possible
jurisdiction." Said v. Bush, Civil Action No. 05-2384 (RWR)
(AK), slip. op. at 10 (D.D.C. May 23, 2006)(Kay, M.J.).

Feghoul's request for an order enjoining respondents from
rendering him to another country will be denied. However, in
light of respondents' reasonable request for a stay, an order
staying proceedings but requiring respondents to provide thirty
days' advance notice of any planned transfer of Feghoul to
another location will be entered. A primary purpose of a stay
pending resolution of issues on appeal is to preserve the status
quo among the parties. Washington Area Metro. Transit Comm'n v.
Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay
pending appeal is preventative or protective, and seeks to
maintain the status quo pending a final determination of issues
on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S.
1301, 1310 (1974) (granting stay pending appeal to maintain the
status quo between the parties). A court may, in appropriate
situations, specify protective conditions in balancing the
hardship necessarily imposed on the party whose suit or execution
of judgment has been stayed pending appeal. Cooks v. Fowler, 459
F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition

-4-

of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the conditions imposed on the proponent of the stay are "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

    Therefore, here

    the court will "guard against depriving the processes
    of justice of their suppleness of adaptation to varying
    conditions." Landis v. North American Co., 299 U.S.
    248, 256 (1936). Coextensive with a district court's
    inherent power to stay proceedings is the power to
    craft a stay that balances the hardships to the

-5-

parties.  Id. at 255 (noting concern regarding a stay
causing "even a fair possibility . . . [of] damage to
some one else."); see also Clinton v. Jones, 520 U.S.
681, 707 (1997) (noting that "burdens [to the parties]
are appropriate matters for the District Court to
evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (RMU), slip op. at 2

(D.D.C. Mar. 31, 2005) (Urbina, J.).

CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that Feghoul's motions for orders entering a

protective order and directing respondents to file a factual

return [#14, 23] be, and hereby are, GRANTED.  A protective order

will be entered by separate order.  Respondents are directed to

file and make available to counsel a factual return relating to

Feghoul by close of business November 20, 2006.  It is further

ORDERED that respondents' request [#9] to stay proceedings

be and hereby is, GRANTED in part and DENIED in part.  Other than

what is ordered in the previous paragraph, the proceedings in

this case are STAYED pending resolution of the appeals pending

before the United States Court of Appeals for the District of

Columbia Circuit in In re Guantanamo Detainee Cases and

Boumediene v. Bush et al., except that Feghoul may seek emergency

relief from this court in appropriate circumstances, such as when

he has reason to believe that he is facing the possibility of

continued detention at the request of the United States in a

-6-

location that does not provide access to this court.  It is
further

　　　ORDERED that Feghoul's request for an order restraining
respondents from transferring him to a country where there is a
foreseeable and imminent risk that he will be tortured be, and
hereby is, DENIED.  It is further

　　　ORDERED that respondents, their agents, servants, employees,
confederates, and any persons acting in concert or participation
with them, or having actual or implicit knowledge of this Order
by personal service or otherwise, shall provide this court and
Feghoul's counsel with thirty days' advance written notice of any
transfer or removal of Feghoul from United States custody at
Guantanamo Bay.

　　　SIGNED this 31st day of October, 2006.


                            _____/s/_____
                            RICHARD W. ROBERTS
                            United States District Judge

# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLA MOHAMMED KAHN, | ) |
| Petitioner, | ) |
| v. | ) **Civil Action No. 05-1001 (ESH)** |
| GEORGE W. BUSH, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

On January 6, 2006, counsel for Abdulla Mohammed Kahn -- a detainee of unknown

citizenship at the United States Naval Station in Guantanamo Bay, Cuba who has challenged the

lawfulness of his confinement through the filing of a petition for writ of habeas corpus --

requested an order requiring respondents to provide a factual return setting forth the basis for his

detention. In light of the December 30, 2005 passage of the Detainee Treatment Act of 2005

("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, the Court held petitioner's

motion in abeyance. For the reasons stated by the Court in *Al-Ghizzawi v. Bush*, Civil No. 05-

2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order), the Court now grants the motion.

In *Hamdan v. Rumsfeld*, 126 S. Ct. 2749 (2006), the Supreme Court determined that

Section 1005(e)(1) of the DTA did not divest federal courts of jurisdiction over detainee habeas

actions pending at the time of the statute's enactment. *Id.* at 2769. The Court expressed "no

view[,]" however, on the impact of the statute's exclusive review provisions on "habeas cases

that were pending in the lower courts at the time the DTA was enacted" but "qualif[ied] as

challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3)[.]" *Id.* at 2769

n.14.  While respondents have taken the position that the present case is one within the review

authority of the D.C. Circuit, *see Kahn v. Bush*, Civil No. 05-1001 (D.D.C. Jul. 7, 2006)

(respondents' notice), this is simply an inadequate justification to further delay the relief sought

by petitioner, which this Court has previously ordered to "ensure that . . . proceedings can

continue in an orderly fashion[,]" *see Mamet v. Bush*, Civil No. 05-1602 (D.D.C. Sep. 30, 2005)

(Order); *see also M.C. v. Bush*, Civil No. 05-0430 (D.D.C. Apr. 13, 2005) (Order); *Kurnaz v.

Bush*, Civil No. 04-1135 (D.D.C. Apr. 12, 2005) (Order); *Ameziane v. Bush*, Civil No. 05-0392

(D.D.C. Apr. 12, 2005) (Order), and will obviously be needed regardless of the resolution of the

jurisdictional question respondents now pose.  Without access to the information contained

within a factual return, petitioner's counsel cannot offer anything approaching effective

representation in these proceedings.  And as explained by Judge Bates, a determination of the

nature of petitioner's challenge -- and, accordingly, the proper tribunal for its resolution -- may

itself require the information so far withheld by respondents.  *See Al-Ghizzawi*, Civil No. 05-

2378 (D.D.C. Aug. 9, 2006) (Mem. Op. and Order).  As respondents have acknowledged before

Judge Bates that production of the requested records would be appropriate in review proceedings

before the Court of Appeals, *see id.* ("[R]espondents have indicated that they 'do not anticipate

objecting to production of petitioners' CSRT records for review in Court of Appeals'

proceedings pursuant to section 1005(e)(2).'"), there appears no reason for continued delay.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Factual Returns [14] is

**GRANTED** and respondents shall provide a factual return relating to the determination of the

CSRT to petitioner's counsel and the Court within 60 days of the date of this Order.

     **SO ORDERED**.


                                                _____s/_____
                                                ELLEN SEGAL HUVELLE
                                                United States District Judge

Date: August 10, 2006

# EXHIBIT O

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL HAMID ABDUL SALAM
AL-GHIZZAWI,

Petitioner,

v.

GEORGE W. BUSH, et al.,

Respondents.

Civil Action No.  05-2378 (JDB)

MEMORANDUM OPINION & ORDER

Abdul Hamid Abdul Salam Al-Ghizzawi, a citizen of Libya who is detained by the

United States at the United States Naval Station in Guantanamo Bay, Cuba ("Guantanamo") and

who has challenged the legality of his confinement by a petition for a writ of habeas corpus, has

requested, through counsel, an order compelling respondents to provide him with a "factual

return" detailing the basis for his confinement.  The Court has held this motion in abeyance for

more than five months, in anticipation of rulings by higher courts relating to whether detention of

the Guantanamo detainees violates any source of law and whether recent legislation divested this

Court of jurisdiction to entertain habeas actions such as Al-Ghizzawi's.  See Detainee Treatment

Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742 (providing that "no

court, justice, or judge shall have jurisdiction to hear or consider ... an application for a writ of

habeas corpus filed by or on behalf of an alien detained by the Department of Defense at

Guantanamo Bay, Cuba" and vesting in the United States Court of Appeals for the District of

Columbia Circuit "exclusive jurisdiction to determine the validity of any final decision of a

-1-

Combatant Status Review Tribunal [('CSRT')] that an alien is properly detained as an enemy combatant").

Although the Supreme Court recently held that the DTA's *jurisdiction-stripping* provision does not apply to habeas cases, such as this one, that were "pending on the date of the DTA's enactment," Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2769 n.15 (2006), it left unresolved the question whether the DTA's *jurisdiction-vesting* provisions might nonetheless limit this Court's power over pending habeas cases, see id. at n.14 ("There may be habeas cases that were pending in the lower courts at the time the DTA was enacted that ... qualify as challenges to 'final decision[s]' within the meaning of subsection (e)[] ....  We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit.").[1] Respondents have taken the position that the "exclusive jurisdiction" of the D.C. Circuit under the DTA precludes this Court from taking any action with respect to petitioner's motions, and they have urged the Court to defer ruling on such motions until the D.C. Circuit determines the extent of its (and hence this Court's) jurisdiction over claims brought by Guantanamo detainees.

The Court is keenly aware that, as a court of limited jurisdiction, it may not adjudicate cases or controversies unless it has assured itself of its authority to do so -- and, in keeping with that fundamental principle, the Court has steadfastly refrained from taking substantive action in these cases while threshold issues such as jurisdiction have been pending in the related appeals. But the present situation also calls to mind the admonition of Voltaire that "[t]he best is the enemy of the good."  See Nat'l Ass'n of Regulatory Utility Comm'rs v. FCC, 737 F.2d 1095, 1147

---

[1] Indeed, the D.C. Circuit panel before which the appeals are pending recently ordered supplemental briefing on this jurisdictional issue.

(D.C. Cir. 1984) (quoting <u>Dictionnaire Philosophique</u> (Dramatic Art) (1794) ("Le mieux est l'ennemi du bien.")). Because the Court has concluded that the outcome sought by petitioner through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question, and because this motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge. To do otherwise could unnecessarily prejudice petitioner's ability to timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney-client communications in this unique detention setting.

The Court has previously considered -- and granted -- motions by other Guantanamo detainees who sought production of their factual returns (which respondents describe as the records of petitioners' proceedings before the CSRT), and the Court will resolve this motion in a manner consistent with its prior rulings. Because "the factual return[] appear[s] necessary for ... counsel effectively to represent petitioner[]" and "even initial conversations [between counsel and client] may be very difficult without access to that basic factual information," <u>Al-Anazi v. Bush</u>, 370 F. Supp. 2d 188, 200 (D.D.C. 2005), the Court will require respondents to produce the factual return to petitioner's counsel -- consistent with any applicable conditions imposed by this Court's protective orders -- within sixty days. In ordering production of the factual return, the Court takes note of the fact that, even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct, petitioner would be entitled to a review by the D.C. Circuit of "the status determination of the Combatant Status Review Tribunal," <u>see</u> Pub. L. No. 109-148, § 1005(e)(2)(C)(i), 119 Stat. 2680, 2742, and completion of any such judicial review would

necessitate that petitioner's counsel have access to the CSRT records. Indeed, respondents have

indicated that they "do not anticipate objecting to production of petitioners' CSRT records for

review in Court of Appeals' proceedings pursuant to section 1005(e)(2)." Resp'ts' Resp. to

Court's Aug. 3, 2006, Order at 2.[2] Furthermore, it is possible that resolution of the jurisdictional

question would require fact-finding -- that is, a determination whether this habeas petition is, in

actuality, a challenge to "the validity of any final decision of a Combatant Status Review

Tribunal," within the meaning of the DTA, and thus properly within the exclusive jurisdiction of

the D.C. Circuit. If such fact-finding were necessary, production of the factual return to

petitioner's counsel might similarly be imperative. Hence, the Court can see no compelling

reason to further delay production of this essential information to petitioner's counsel, beyond

providing respondents with sufficient time to conduct a "review of information in the return[] ...

to ensure that any information disclosed to counsel is in accordance with all applicable statutes,

regulations and Executive Orders." See Resp'ts' Status Report in Resp. to Court's July 19, 2006,

Minute Order at 6.

Accordingly, it is this 9th day of August, 2006, hereby

**ORDERED** that [5] petitioner's motion to compel production of the government's factual

return is **GRANTED IN PART** and **DENIED IN PART**;[3] and it is further

**ORDERED** that respondents shall transmit factual returns to the Court and petitioner's

counsel within sixty (60) days of the date of this order -- that is, by not later than October 9,

_____

[2] In other words, respondents have no non-jurisdictional basis for opposing production of the factual return.

[3] Insofar as petitioner's motion also seeks entry of protective orders, the motion is denied as moot in light of this Court's Order of June 13, 2006.

-4-

2006.

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge


Copies to:

H. Candace Gorman
LAW OFFICE OF H. CANDACE GORMAN
542 South Dearborn, Suite 1060
Chicago, IL  60605
Email: hcgorman@igc.org

    *Counsel for petitioner Al-Ghizzawi*


Terry Marcus Henry
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, NW, Suite 7144
Washington, DC  20044
Email: terry.henry@usdoj.gov

    *Counsel for respondents*

# EXHIBIT P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MOHAMED AL-ZARNOUQI,** *et al.,*<br>    *Petitioners*<br><br>        *v.*<br><br>**GEORGE W. BUSH,** *et al.,*<br>    *Respondents.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Civil Action No. 06-cv-01767-RMU**

### (PROPOSED) ORDER

Having considered Petitioners' Motion to for an Order Requiring Respondents to Produce Factual Returns, any opposition filed thereto, and any reply, as well as the entire record in this case, and it appearing that good cause exists for granting the motion, it is hereby

ORDERED that Respondents shall, within 20 days of the entry of this Order, provide counsel for Petitioners with factual returns relating to each of the detained Petitioners in this matter.

SO ORDERED.


DATED:_____          _____
                                     Ricardo M. Urbina, U.S.D.J.