IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED AL-ZARNOUQI, *et al.*,<br>*Petitioners*<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>*Respondents.* | Civil Action No. 06-cv-01767-RMU<br><br>[ORAL ARGUMENT REQUESTED] |

### PETITIONERS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER REQUIRING RESPONDENTS TO PRODUCE PETITIONERS' FACTUAL RETURNS

Respondents' Opposition is unpersuasive for the following reasons: (1) the relief sought by Petitioners' Motion should be granted despite any jurisdictional uncertainty; (2) granting the Motion neither implicates lifting the stay nor affects the status quo, but prevents irreparable harm to Petitioners' right to conduct a meaningful factual investigation; and (3) the burdens in producing factual returns articulated by Respondents are illusory and far outweighed by the exigencies faced by Petitioners.

### I. THIS COURT SHOULD GRANT THE REQUESTED RELIEF IRRESPECTIVE OF ANY JURISDICTIONAL UNCERTAINTIES.

Respondents make much of the fact that the MCA purportedly deprives this Court of jurisdiction. However, the D.C. Circuit has yet to rule on the MCA's jurisdiction-stripping provisions, a point noted by this Court in its December 6, 2006 Order in this matter. (dkt no. 15). This Court also ruled that jurisdictional uncertainty is no excuse for denying "something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention." *Id.* at 2 (internal citations and quotation marks omitted).

Although the Protective Order lays the foundation for dialogue between Petitioners and their counsel, such dialogue can hardly be "meaningful" in respect of the "factual basis" of Petitioners' detention if counsel is uninformed of the government's version of the facts. Petitioners are not here moving for any resolution of their *Habeas* Petitions, but merely for access to information that will be their due in any fair proceeding in the future, before this Court or otherwise. Thus, at least for the limited purpose of allowing Petitioners to obtain access to their factual returns, Respondents' reliance on the MCA is inapposite and has already been rejected by the Court in this very case.

### II. GRANTING THE MOTION NEITHER AFFECTS THE STAY NOR DOES VIOLENCE TO THE STAY'S PURPOSE OF MAINTAINING THE STATUS QUO.

Respondents incorrectly argue that granting the motion would disturb the stay and affect "merits-related matters." (Resp. Br. At. 6). In fact, as explained *supra*, Petitioners are not seeking to progress their *Habeas* Petitions through this motion, but merely to preserve their right to engage in meaningful factual investigation.

"A primary purpose of a stay pending resolution of issues on appeal is to preserve the status quo among the parties." *Feghoul v. Bush*, 06-CV-618 (RWR) (D.D.C. Oct. 31, 2006) (dkt no. 24) (citing *Wash. Metro. Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)). "Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties." *Al-Oshan v. Bush*, 05-CV-520 (RMU) (D.D.C. Mar. 31, 2005) (dkt no. 12) (citing *Landis v. North American Co.*, 299 U.S. 248, 256 (1936)).

Directing Respondents to produce of factual returns does not disturb the status quo and prevents undue hardship to Petitioners. The factual returns are expected to provide Petitioners' counsel with pertinent names, locations, and other information that will be indispensable to them for conducting a meaningful investigation of the charges against Petitioners, an undeniable right that transcends jurisdictional limitations, and one which exists irrespective of the outcome of the appeals. Petitioners do not seek resolution of any substantive issue related to their *Habeas* petitions through this motion.

On the other hand, denial of Petitioners' Motion may cause irreparable harm to Petitioners' right to develop their cases. Years have passed since Petitioners' arrest and relocation to Guantánamo, and the pending appeals may take additional months or years to resolve. With each passing day, however, memories fade, documents disappear, and witnesses may become harder to locate. Much time has already been lost, and if the factual returns are not expediently produced, Petitioners may also lose their opportunity to uncover crucial facts refuting the charges against them. Thus, granting the requested relief is the only way to prevent Petitioners from suffering an inequitable result.

## III.  THE BURDENS CLAIMED BY RESPONDENTS ARE GREATLY OUTWEIGHED BY THE EXIGENCIES FACING PETITIONERS.

Respondents argue, without supporting affidavit testimony, that production of factual returns would impose "logistical burden" on the government. (Resp. Br. At 7). This Court has previously rejected similar objections raised by Respondents:

> [T]he government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the return; the court is confident that the government can handle this task.

*Qayed v. Bush*, 05-CV-454 (RMU) (D.D.C. Apr. 19, 2005) (dkt no. 5). Moreover, when weighed against Petitioners' dire need for factual investigation, any additional expense incurred by Respondents is paltry.

Respondents also argue in a footnote that they require 90 days to produce the factual returns. However, this long period of time is neither necessary nor acceptable. The government has to date complied with numerous orders requiring production on much shorter notice. *See e.g. Errachidi v. Bush*, 05-CV-23 (RWR) (D.D.C. Apr. 8, 2005) (ordering the government to file factual returns by April 14, 2005). Counsel for Petitioners have received approval to meet with Petitioners on March 26, 2007, and would be greatly prejudiced if they do not have access to the factual returns a reasonable amount of time prior to those meetings.

## CONCLUSION

For the reasons discussed above, Petitioners respectfully request that the Court grant their Motion for an Order Requiring Respondents to Produce Petitioners' Factual Returns.

Dated: New York, New York
      February 5, 2007

Respectfully submitted,

Counsel for Petitioners

SCHIFF HARDIN LLP
623 Fifth Avenue
New York, New York  10022
Tel:  (212) 753-5000
Fax:  (212) 753-5044
*and*
6600 Sears Tower
Chicago, Illinois  60606
Tel:  (312) 258-5500
Fax:  (312) 258-5600

By: _____
    Brian J. Neff

*Of Counsel*
CENTER FOR CONSTITUTIONAL
    RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Tel:  (212) 614-6439
Fax:  (212) 614-6499