IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMED AL-ZARNOUQI, *et al.* ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-1767 (RMU) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' MOTION
TO VACATE OR STAY FEBRUARY 14, 2007 ORDER
AND FOR EXPEDITED CONSIDERATION[1]**

In light of the fact that the law of the Circuit is that the District Court lacks jurisdiction

with respect to detention-related claims by aliens, such as petitioners, held as enemy combatants

at Guantanamo Bay,[2] respondents hereby request that the Court vacate its February 14, 2007

Order requiring respondents to submit factual returns with respect to petitioners by April 23,

2007. Alternatively, respondents request that the Court stay the requirement of the February 14,

2007 Order pending disposition of respondents' anticipated motion to dismiss this case based on

---

[1] Respondents respectfully request that petitioners be directed to file any response to this motion no later than April 16, 2007, and that this matter be expedited by the Court. Absent such expedited treatment, the government could be seen as obligated to produce factual returns for the petitioners in the above-captioned cases no later than April 23, 2007, which is the next business day after petitioners' responses to this motion would otherwise be due. For the reasons explained below, no such obligation should exist.

[2] *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. denied*, 2007 WL 957363 (Apr. 2, 2007); 28 U.S.C. § 2241(e) (as amended by Military Commissions Act of 2006, Pub. L. No. 109-366, § 7, 120 Stat. 2600).

*Boumediene.*   Respondents' counsel have conferred with counsel for petitioners, who oppose this motion.

## BACKGROUND

This case was initiated by the filing of a petition for writ of *habeas corpus* on October 16, 2006.  *See* Petition (dkt. no. 1).  The petition purports to be filed on behalf of Mohammed Al-Zarnouqi and Mashour Abdullah Muqbel Alsabri, two detainees at the United States Naval Base at Guantanamo Bay, Cuba, who have been determined by the United States to be enemy combatants.  *See* Resps' Opp. to Motion for Entry of Protective Order (dkt. no. 7) at 1-2 & Ex. A.

By Order dated February 14, 2007, the Court ordered respondents to submit factual returns with respect to petitioners on or before April 23, 2007.

On October 17, 2006, the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600, ("MCA") was enacted.  The MCA amended the habeas statute, 28 U.S.C. § 2241, to provide that "[n]o court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the Detainee Treatment Act of 2005[3] ("DTA") for addressing the validity of the detention of such aliens.  *See* MCA § 7.  This new amendment to § 2241 took effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relates to any aspect of the detention, transfer, treatment,

---

[3] Pub. L. No. 109-148, Tit. X, 119 Stat. 2680.

trial, or conditions of detention of an alien detained by the United States since September 11, 2001." *Id.*

On February 20, 2007, the Court of Appeals held in *Boumediene* that the MCA plainly applies to all cases filed by aliens detained as enemy combatants, including pending habeas petitions such as this one, and withdraws all district court jurisdiction over such cases. *See* 476 F.3d 981, 986-88; *see also id.* at 994 ("Federal courts have no jurisdiction in these cases."). The Court of Appeals also held that the withdrawal of habeas jurisdiction over pending cases did not violate the Suspension Clause because the alien detainees held at Guantanamo have no constitutional rights and because the constitutional right to seek habeas review does not extend to aliens held at Guantanamo. *Id.* at 988-94. Consequently, the Court of Appeals (1) ordered that the district courts' decisions on appeal be vacated and (2) dismissed the cases on appeal for lack of jurisdiction. *Id.* at 994. The Supreme Court denied *certiorari* in *Boumediene* on April 2, 2007. *See Boumediene v. Bush*, 2007 WL 957363 (Apr. 2, 2007).

## ARGUMENT

In light of *Boumediene*, the law of this Circuit is settled: federal district courts do not have jurisdiction over cases brought by aliens, such as petitioners, detained as enemy combatants at Guantanamo Bay, and such alien enemy combatants do not have constitutional rights.[4] Respondents should not be required to proceed with the submission of factual returns in this case – which would be preparatory to proceedings on the merits – where there is no jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (" 'Without jurisdiction [a] court

---

[4] *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("Once [an] opinion [is] released it [becomes] the law of this circuit.").

cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Nor would any argument that petitioners would be entitled to the production of factual returns if they decide to file petitions for review of the results of their Combatant Status Review Tribunals ("CSRTs") under the DTA, justify this Court exercising jurisdiction to require the production of returns now and in this Court.  Even in *Boumediene*, the Court of Appeals declined to convert the District Court cases on appeal before it into DTA petitions, which would have allowed the cases to proceed in the Court of Appeals without re-filing.  Rather, recognizing the lack of District Court jurisdiction in light of the MCA, the Court of Appeals simply directed that the cases before it be dismissed.  *See* 476 F.3d at 994.  Furthermore, preliminary issues regarding how DTA petitions for review should proceed in the Court of Appeals, including an appropriate protective order regime to govern the production of classified information such as would be contained in any factual return or CSRT record, are currently being litigated there, and this Court should not assert jurisdiction with respect to such matters.  *Cf. Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."); *id.* at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

Accordingly, this Court should not require the production of factual returns in this case. At the very least, however, in light of the MCA's withdrawal of jurisdiction, the Court should not

require the production of factual returns pending disposition of respondents' anticipated motion

to dismiss.  Respondents anticipate filing said motion to dismiss in the next several days.

### CONCLUSION

For the foregoing reasons, the Court should vacate its February 14, 2007 Order requiring

respondents to submit factual returns with respect to petitioners by April 23, 2007.  Alternatively,

the Court should stay the requirement of the February 14, 2007 Order pending disposition of

respondents' anticipated motion to dismiss this case.

Dated: April 6, 2007                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel


                                          /s/ *Terry M. Henry*
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        JUDRY L. SUBAR (D.C. Bar 347518)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        ROBERT J. KATERBERG
                                        NICHOLAS J. PATTERSON
                                        ANDREW I. WARDEN
                                        EDWARD H. WHITE
                                        NICHOLAS A. OLDHAM
                                        JAMES C. LUH
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107
                                        Fax:  (202) 616-8470
                                        Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMED AL-ZARNOUQI, *et al.* | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-CV-1767 (RMU) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **O R D E R**

Upon consideration of respondents' Motion to Vacate or Stay February 14, 2007 Order

and for Expedited Consideration, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that the requirement of the February 14, 2007 Order in this matter that

respondents submit factual returns with respect to petitioners is VACATED.

SO ORDERED.


Dated: _____          _____

UNITED STATES DISTRICT JUDGE