IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMED AL-ZARNOUQI, *et al.* | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-1767 (RMU) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION TO VACATE OR STAY
FEBRUARY 14, 2007 ORDER AND FOR EXPEDITED CONSIDERATION**

Respondents hereby submit this reply in support of their motion to vacate or stay the Court's February 14, 2007 Order, requiring respondents to submit factual returns with respect to petitioners in the above-captioned case by April 23, 2007.

1.  Petitioners' contention that the Court should require the production of factual returns and stay this case "until the question of the Court's jurisdiction is conclusively resolved" is without merit. See Petitioners' Memorandum at 3. The Court of Appeals decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007) and the Supreme Court's denial of the detainees' petition for certiorari on April 2, 2007, conclusively settled the proposition that this Court lacks jurisdiction. See Boumediene v. Bush, Nos. 06-1195, 06-1196, ___ S. Ct. ___, 2007 WL 957363. As the Court of Appeals explained, the "only recourse is to vacate the district courts' decisions and dismiss the cases for lack of jurisdiction." Boumediene, 476 F.3d at 994. Consequently, the Court should not require the production of factual returns in this case.

2.  Petitioners' only basis for ignoring the clear command of the Court of Appeals is

speculation regarding the outcome of future proceedings in other forums. Specifically, petitioners contend that at some point in the future they will file a petition under the Detainee Treatment Act of 2005 ("DTA") in the Court of Appeals, and after review of that claim, the Supreme Court might grant review and, within the scope of that review, the Supreme Court might restore some unspecified degree of jurisdiction to the district court – jurisdiction that this Court unambiguously does not currently exercise. Such speculation is not an appropriate basis for continuing to require production of factual returns, particularly where the circumstances that existed at the time of the Court's February 14, 2007 Order no longer exist now that the Court of Appeals has held that Section 7 of the Military Commissions Act of 2006 ("MCA") eliminates district court jurisdiction over habeas petitions such as this one filed by the detainees at Guantanamo Bay. See 476 F.3d at 986, 994. Thus, petitioners have no right to pursue their habeas cases in this Court, even after they exhaust remedies under the DTA. Accordingly, there is no reason to require production of factual returns in this case.[1]

3.   Contrary to petitioners' argument, this Court should not order production of factual returns for the purpose of litigating DTA petitions in the Court of Appeals. A regime for production of the factual returns should be developed and ordered by the Court of Appeals – the forum court that, consistent with MCA and DTA, has jurisdiction with respect to claims brought on behalf of petitioners. Notably, petitioners state that they intend to file a DTA petition and,

---

[1] To the extent petitioners rely on statements of various Justices in connection with the denial of certiorari in Boumediene, they fail to account for the repeated statements of the Supreme Court that denials of certiorari and, concomitantly, opinions accompanying denials of certiorari, lack precedential value altogether. See, e.g., Teague v. Lane, 489 U.S. 288, 296 (1989).

further, they concede that the records they seek here are among the documents provided to other petitioners in DTA litigation in the Court of Appeals. See Petitioners' Motion at 7-8. Consequently, petitioners should pursue their DTA claims and seek relief in the Court of Appeals rather than circumvent that process by seeking relief in this Court, which no longer retains jurisdiction over this case.

For the foregoing reasons, as well as those explained in respondents' motion, the Court should vacate its February 14, 2007 Order requiring respondents to submit factual returns with respect to petitioners by April 23, 2007. Alternatively, the Court should stay the requirement of the February 14, 2007 Order pending further litigation developments. In light of the time-sensitive nature of this relief, respondents respectfully request expedited consideration of this matter from the Court.

Dated: April 17, 2007                    Respectfully submitted,

                                                PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN (IN Bar No. 23840-49)
EDWARD H. WHITE
NICHOLAS A. OLDHAM

JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents