IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED AL-ZARNOUQI, *et al.*, )
)
Petitioners, )
)
v. ) Civil Action No. 06-CV-1767 (RMU)
)
GEORGE W. BUSH, )
President of the United States, )
*et al.*, )
)
Respondents. )

## RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT OF HABEAS CORPUS BY PETITIONER MASHOUR ABDULLAH MUQBEL ALSABRI AND NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri (listed in the petition as Mashour Abdullah Muqbel Alsabri) as a factual return to petitioner's petition for writ of habeas corpus. For the reasons explained in the record, petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri has been determined to be an enemy combatant. Accordingly, petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] The respondents have filed a motion to dismiss this habeas corpus action for lack of jurisdiction (Resp'ts' Mot. to Dismiss (dkt. no. 35)) and a motion to vacate or stay the Court's February 14, 2007, order to produce factual returns in this case (Resp'ts' Mot. to Vacate or Stay February 14, 2007 Order and for Expedited Consideration (dkt. no. 30)). The D.C. Circuit held in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir.), cert. denied, 127 S. Ct. 1478 (2007), that U.S. district courts lack jurisdiction over habeas corpus and other actions challenging or otherwise relating to the detention of aliens held as enemy combatants. See id. at 988. The Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680, which was enacted on

The portion of the record suitable for public release is attached hereto. See Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, are being submitted under seal through the Court Security Officers. One copy of the factual return is being submitted to the Court for *in camera* review. Another copy of the factual return, containing information suitable for disclosure to counsel under seal, is being made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order. See December 4, 2006, Memorandum Order (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), and related orders, to this case). Any redactions made in the factual return are explained in the declaration(s)/certification(s) submitted therewith. Both copies of the factual return contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual

---

December 30, 2005, amended 28 U.S.C. § 2241 and created an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of aliens held by the Department of Defense as enemy combatants at Guantanamo Bay, Cuba. A subsequent statute, the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006) ("the MCA"), enacted on October 17, 2006, amended § 2241 to eliminate district court jurisdiction to consider habeas petitions and any other actions "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of aliens detained by the United States as enemy combatants. See id. § 7; Boumediene, 476 F.3d at 988. The MCA expressly applies the amendment "to all cases, without exception, pending on or after the date of the enactment of this Act," which includes the above-captioned case, thereby unambiguously divesting this Court of jurisdiction over this action. The questions raised in Boumediene concerned the applicability of the MCA to habeas cases and the constitutionality of that statute. The court ruled that the MCA is indeed applicable to habeas cases and that it is constitutional. Notwithstanding these provisions and the D.C. Circuit ruling, pursuant to the Court's minute order of February 14, 2007, respondents hereby submit a factual return pertaining to petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri, inasmuch as respondents' motion to vacate or stay the order for production of a factual return and their motion to dismiss remain pending.

Returns, entered on December 8, 2004 by Judge Green in the coordinated cases. Respondents have designated certain highlighted, unclassified information in the factual return as "protected information" under the Protective Order. Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred, respondents will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise. Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

---

[2] Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."

Dated: April 23, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

/s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MASHUR ABDULLAH MUQBIL AHMNAD AL SABRI, )
)
)
Petitioner, )
)
v. )   Civil Action No. 06-1767 (RMU)
)
)
GEORGE W. BUSH, et al., )
)
Respondents. )

## DECLARATION OF DAVID N. COOPER

Pursuant to 28 U.S.C. § 1746, I, Lieutenant Colonel David N. Cooper, Judge Advocate, Judge Advocate General's Corps Reserve, United States Air Force, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am a Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Mashur Abdullah Muqbil Ahmnad Al Sabri that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 15 February 2007

DAVID N. COOPER, Lt Col, USAFR
Staff Judge Advocate
DOD, HQ OARDEC
Washington, DC



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 730

FOR OFFICIAL USE ONLY

23 JAN 2005

From: Director, Combatant Status Review Tribunal

Subj: REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 324

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #324 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

UNCLASSIFIED

14 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 324

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #20 of 8 November 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate. *See* exhibit D-a.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Note that some information in exhibits R-4 and R-5 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee #324 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final

PETER C. BRADFORD
LT, JAGC, USNR

UNCLASSIFIED



# Department of Defense
## Director, Combatant Status Review Tribunals

8 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #20

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

████████████████ Colonel, U.S. Army; President

████████████████ Commander, JAGC, U.S. Navy; Member
(JAG)

████████████████ Lieutenant Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

08 December 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 324

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ■■■■.

CHARLES E. JAMISON
CAPT, USN

SECRET//NOFORN//X1

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL:  #20

(U) ISN#:  324

Ref:   (a) (U) Convening Order for Tribunal #20 of 8 November 2004 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis For Tribunal Decision (U/FOUO)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Copies of Documentary Evidence Presented (S/NF)
       (4) (U) Personal Representative's Record Review (U)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 13 November 2004, the Tribunal determined by a preponderance of the evidence that Detainee #324 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, Taliban and al Qaida forces, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, U.S. Army
Tribunal President

DERV FM: Multiple Sources    SECRET//NOFORN//X1
DECLASS: XI

UNCLASSIFIED//FOUO

## UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#20_____
ISN #: _____324_____

### 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was part of or supporting Taliban and al Qaida forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

### 2. Synopsis of Proceedings

The Tribunal held this hearing on 13 November 2004. The Recorder presented Exhibits R-1 and R-2 during the unclassified portion of the Tribunal. The primary exhibit, the Unclassified Summary of Evidence (Exhibit R-1), indicates that: the detainee is associated with the Taliban or al Qaida: the detainee, a citizen of Saudi Arabia, traveled by plane to Quetta, Pakistan where he contacted the Taliban for assistance in traveling to Afghanistan; the detainee met with an al Qaida recruiter in Kandahar, Afghanistan; the detainee traveled to Jalalabad, Afghanistan and stayed for one year and purchased a Russian Makrof pistol and traveled to the frontlines near Kabul; the detainee's roommate was a suicide bomber responsible for the USS Cole bombing; the detainee fled Jalalabad in order to avoid the United States bombing campaign and later turned himself in to Pakistan forces. The Recorder called no witnesses.

The detainee did not attend the Tribunal and affirmatively declined to participate. He also did not provide the Personal Representative with any statements or evidence to present on his behalf. The detainee's decision is reflected on the Detainee Election Form (Exhibit D-a). The Personal Representative presented no evidence and called no witnesses.

During the classified session of the Tribunal, the Recorder presented Exhibits R-3 through R-14 and commented on the evidence. The Personal Representative presented no classified evidence and made no comments on the classified exhibits. After considering all of the classified and unclassified evidence, the Tribunal determined that the detainee is properly classified as an enemy combatant.

UNCLASSIFIED//FOUO

ISN #324
Enclosure (1)
Page 1 of 3

UNCLASSIFIED/~~FOUO~~

3. **Evidence Considered by the Tribunal**

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: R-1 through R-14 and D-a.

    b. Testimony of the following persons: None.

    c. Statement of the detainee: None.

4. **Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The Detainee requested no witnesses.

The Detainee requested no additional evidence be produced.

5. **Discussion of Unclassified Evidence**

The Recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2, the FBI redaction request provided no useful information. Because there was no unclassified evidence other than Exhibit R-2 for the Tribunal to consider, the Tribunal had to look to the classified exhibits to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

6. **Consultations with the CSRT Legal Advisor**

None.

7. **Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

    b. The Personal Representative informed the Tribunal that the detainee understood the Tribunal process, but chose not to participate, as indicated in Exhibit D-a.

UNCLASSIFIED/~~FOUO~~

ISN #324
Enclosure (1)
Page 2 of 3

UNCLASSIFIED//~~FOUO~~

    c. The detainee is properly classified as an enemy combatant because he was part of or supporting Taliban and al Qaida forces.

**8. Dissenting Tribunal Member's report**

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████

Colonel, U.S. Army
Tribunal President

UNCLASSIFIED/~~FOUO~~

# DETAINEE ELECTION FORM

Date: 5 Nov 2004
Start Time: 1500
End Time: 1530

ISN#: 324

**Personal Representative:** ▮▮▮▮▮▮▮▮▮▮ MAJOR, USAF
(Name/Rank)

Translator Required? YES          Language? ARABIC

*CSRT Procedure Read to Detainee or Written Copy Read by Detainee?* YES

-----

**Detainee Election:**

☐   Wants to Participate in Tribunal

☒   Affirmatively Declines to Participate in Tribunal

☐   Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee does not wish to participate in the tribunal process.
Detainee does not wish to call any witnesses to testify on his behalf.
Detainee does not wish personal representative to say anything on his behalf.

Personal Representative: ▮▮▮▮▮▮▮▮▮▮

UNCLASSIFIED/~~FOUO~~

Exhibit D-a

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (28 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL SABRI, Mashur Abduallah Muqbil Ahmed

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with the Taliban or al Qaida.

   The detainee is associated with the Taliban or al Qaida:

   1. The detainee, a citizen of Saudi Arabia, traveled by plane to Quetta, Pakistan where he contacted the Taliban for assistance in traveling to Afghanistan.

   2. The detainee met with an al Qaida recruiter in Kandahar, Afghanistan.

   3. The detainee traveled to Jalalabad, Afghanistan and stayed for one year and purchased a Russian Makrof pistol and traveled to the frontlines near Kabul.

   4. The detainee's roommate was a suicide bomber responsible for the USS Cole bombing.

   5. The detainee fled Jalalabad in order to avoid the United States bombing campaign and later turned himself in to Pakistan forces.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

# Memorandum



To      :   Department of Defense                Date   10/27/2004
            Office of Administrative Review
            for Detained Enemy Combatants
            Capt. Charles Jamison, OIC, CSRT

From    :   FBI GTMO
            Counterterrorism Division
            Asst. Gen. Counsel ■■■■■

Subject     REQUEST FOR REDACTION OF
            NATIONAL SECURITY INFORMATION
            ■■■■■■■■■■

      Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

  CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
  DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

      The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

      The following documents relative to ISN 324 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 05/24/02
FD-302 dated 07/17/02

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

Memorandum from ▮▮▮▮▮▮ to Capt. Charles Jamison
Re: REQUEST FOR REDACTION, 10/27/2004

    If you need additional assistance, please contact Asst. Gen. Counsel ▮▮▮▮▮▮▮▮▮▮▮▮, or Intelligence Analyst (IA) ▮▮▮▮▮▮ IA ▮▮▮▮▮▮

UNCLASSIFIED//~~FOUO~~

# Personal Representative Review of the Record of Proceedings

I acknowledge that on 17 November 2004, I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #324.

✓ I have no comments.

___ My comments are attached.



_____, Major, USAF
Name

17 NOV 2004
Date

_____
Signature

ISN #324
Enclosure (4)

UNCLASSIFIED//~~FOUO~~