IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMED AL-ZARNOUQI, *et al.*,<br>    *Petitioners,*<br><br>              v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents.* | )<br>)<br>)<br>)<br>)  Civil Action No. 06-cv-01767-RMU<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN FURTHER SUPPORT OF MOTION TO RECONSIDER AND VACATE**

**ORDER OF SEPTEMBER 20, 2007 DISMISSING CASE**

The arguments presented by Respondents in opposition to Petitioners' Motion do not stand up to scrutiny. In particular, Respondents' opposition is based upon (1) the untenable assertion that this Court was free to resolve the jurisdictional issue even though that very issue is (at Respondents' request) currently pending before the D.C. Circuit in this case; and (2) the inaccurate claim that the D.C. Circuit has invited this Court to address the jurisdictional issue. Both arguments are wrong.

      1.      As Respondents concede, the filing of a notice of appeal generally divests the lower court of jurisdiction to consider the matter from which the appeal is taken. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Explaining this rule, the *Griggs* Court instructed that "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over

those aspects of the case involved in the appeal." *Id.*; *see also Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (citing *Griggs* and concluding that "exclusive jurisdiction to resolve the threshold issue this case presents vests in this court, and the district court may not proceed to trial until the appeal is resolved").

Respondents argue that, despite the pendency of the appeal, this Court retained jurisdiction to dismiss this action. The obvious flaw in Respondents' argument is that the jurisdictional issue on which the dismissal was grounded is clearly an "aspect of the case involved in the appeal." Indeed, Respondents cannot contend otherwise, considering that they raised that very issue in the pending appeal. On June 11, 2007, Respondents filed in the Circuit Court a motion seeking, *inter alia*, "the dismissal of petitioners' habeas cases for lack of jurisdiction." *See* Resp't-Appellant's Mot. in *Al-Zarnouqi v. Bush*, Case No. 07-5148 (D.C. Cir. Jun. 11, 2007) (attached hereto as Exhibit A).

Because the jurisdictional issue is an aspect of the pending appeal, dismissal of this action for lack of jurisdiction would impinge upon the exclusive jurisdiction of the Circuit Court. On August 9, 2007, the D.C. Circuit ordered consideration of Respondents' motion "be deferred and this case held in abeyance pending further order of the court." *See* Exhibit B.[1] Permitting the dismissal order to remain in effect would contravene the D.C. Circuit's order and, indeed, render the appeal moot. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (finding that the *Griggs* rule "avoids the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter"). "A district court does not have the power to 'alter the status of the

---

[1] There is no doubt that this ruling was motivated by the pendency of *Boumediene* and *Al Odah* in the Supreme Court: the Court of Appeals' order directs the parties to file motions to govern further proceedings within thirty days of the outcome of the Supreme Court's decision. *See* Ex. B.

case as it rests before the Court of Appeals.'" *Dayton Independent School Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Coastal Corp. v. Texas Eastern Corp.,* 869 F.2d 817, 820-21 (5th Cir. 1989)). Accordingly, a district court may not dismiss a case during the pendency of an appeal. *See Showtime/The Movie Channel, Inc.*, 895 F.2d at 713 (holding that the district court was without jurisdiction to dismiss the case prior to the issuance of a mandate on appeal, even though the parties had agreed to dismiss the case). Respondents have not cited any authority that could support their claim that a district court retains the power to decide a jurisdictional issue that is pending in the appellate court.

    2.   As reflected in the August 9 Order in this matter (Ex. B), the D.C. Circuit has clearly signaled that the jurisdictional issue should not be resolved until the Supreme Court has spoken in *Boumediene*. Nevertheless, Respondents disingenuously assert that the D.C. Circuit's views regarding whether the district court should address the jurisdictional issue are reflected in an order issued by the Court of Appeals in *Al Ginco v. Bush*. (Resp. Opp. at 5 (citing order stating "[t]he district court may consider in the first instance respondents' motion to dismiss").) However, the *Al Ginco* order was issued June 7, 2007 – *i.e., before* the Supreme Court reconsidered the previous denial of certiorari in *Boumediene* and *Al Odah*. In contrast, the orders issued by the Court of Appeals *after* certiorari was granted in *Boumediene* – including the order issued in the case at bar (Ex. B) – do not contain the language relied upon by Respondent. The absence of such language in those later orders further supports Petitioners' position.

4

For the foregoing additional reasons, Petitioners respectfully request that this Court reconsider and vacate its Order of September 20, 2007, dismissing the above-captioned matter.

| | |
|---|---|
| Dated: October 4, 2007<br>New York, New York | Respectfully submitted,<br>SCHIFF HARDIN LLP<br>900 Third Avenue<br>New York, New York  10022<br>Tel:  (212) 753-5000<br>Fax:  (212) 753-5044<br>        *and*<br>6600 Sears Tower<br>Chicago, Illinois  60606<br>Tel:  (312) 258-5500<br>Fax:  (312) 258-5600<br><br>*Counsel for Petitioners*<br><br><br>By:    /s/ Brian J. Neff                   <br>         Brian J. Neff |

NY\ 50213586.1

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MOHAMED AL-ZARNOUQI, et al. )<br>　　　Petitioners-Appellees, )<br>　　　　　v. )<br>GEORGE W. BUSH, et al., )<br>　　　Respondents-Appellants. )<br>_____ ) | Nos. 07-5091 |

**MOTION TO VACATE THE DISTRICT COURT ORDER AND
DISMISS THE HABEAS APPEAL FOR LACK OF JURISDICTION**

Appellants George W. Bush, et al., hereby move to vacate the district court order on appeal, which requires the Government to provide the court thirty days' notice before transferring petitioners from Guantanamo Bay to another country, and order the dismissal of petitioners' habeas case for lack of jurisdiction. The reasons in support of this motion are as follows:

1. Petitioners in this case are currently being detained by the United States at the U.S. Naval Base at Guantanamo Bay, Cuba. They have been determined to be enemy combatants by a Combatant Status Review Tribunal.

Petitioners filed a habeas action in the district court challenging their detention. In the context of that habeas action, the district court entered an order barring the transfer of petitioners to another country, without providing counsel and the court thirty days' notice. The Government appealed from that order.

The Government appealed from the district court order because the order barring transfer is flawed as both a matter of law and equity, and because the order interferes with the critical ability of the Executive Branch to negotiate and effectuate the transfer of the detainees held at Guantanamo. The propriety of such orders was fully briefed and argued to this Court in Kiyemba v. Bush (Nos. 05-5487, et al.) (argued September 11, 2006). After oral argument in that case, the parties notified this Court of the signing of the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366,1 20 Stat. 2600 (2006). Section 7 of the MCA unambiguously eliminates district court jurisdiction over pending habeas cases and any case relating to the detention, transfer, treatment, trial, or conditions of confinement of an alien detained as an enemy combatant.

2. The issues of the proper construction, constitutionality, and application of Section 7 of the MCA were raised and fully briefed to this Court in the related appeals of Boumediene v. Bush (Nos. 05-5062, 05-5063) and Al Odah v. United States (Nos. 05-5064, 05-5095 through 05-5116). The petitioners in Al Odah and Boumediene raised habeas and other claims challenging their detention as enemy combatants.

3. On February 20, 2007, this Court issued its decision in Boumediene v. Bush and Al Odah v. United States, 476 F.3d 981 (D.C. Cir.), cert. denied, Boumediene v.

Bush, 127 S. Ct. 1478, and Hamdan v. Gates, 127 S. Ct. 2133 (2007). This Court held that Section 7 of the MCA applies to all cases filed by aliens detained as enemy combatants, including pending habeas petitions, and eliminates federal court jurisdiction over such cases. Id. at 986; id. at 994 ("Federal courts have no jurisdiction in these cases."). This Court held that the withdrawal of habeas jurisdiction over the pending cases did not violate the Suspension Clause because the alien detainees held at Guantanamo have no constitutional rights and because the constitutional right to seek habeas review does not extend to aliens held outside United States' sovereign territory. See id. at 990-91. As a result, the Court ordered that the district courts' decisions in those detainee cases be vacated and dismissed the cases for lack of jurisdiction. See id. at 994 (noting that dismissal is the "only recourse").

4. Pursuant to Section 7 of the MCA and this Court's holding in Boumediene, there is now no federal court jurisdiction over the underlying district court claims filed by these petitioners, who, like the petitioners in Al Odah and Boumediene, are aliens detained at Guantanamo Bay as enemy combatants. Accordingly, the Government moved in the district court to dismiss petitioners' habeas case. That motion is pending.

If petitioners wish to challenge their enemy combatant status, their exclusive remedy is to seek review in this Court pursuant to the Detainee Treatment Act of 2005, Pub. Law No. 109-148, § 1005(e), 119 Stat. 2680, 2739-45 (2005). Because there is, however, no jurisdiction over their district court case, the order on appeal should now be vacated for want of jurisdiction.

Moreover, this Court has a duty to examine its own jurisdiction to hear cases pending before it. See, e.g., FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990). For the same reasons that this Court determined that the district courts lack jurisdiction over the underlying habeas petitions, this Court lacks jurisdiction over the appeals arising from those habeas cases, including the above-captioned appeal. See Boumediene, 476 F.3d at 986 (MCA provides that no court shall have jurisdiction over detainees' habeas actions or any other case relating to their detention).

Thus, because it is clear now that there is no federal court jurisdiction to further maintain the district court order or to proceed with this appeal, the Government asks this Court to immediately vacate the district court order entered in this habeas case and dismiss the appeal for lack of jurisdiction, as it did in Boumediene and in several other cases. See Zalita v. Bush, No. 07-5129 (Order of Apr. 25, 2007); Paracha v. Bush, Nos 05-5194, et al. (Order of Apr. 9, 2007); Kiyemba v. Bush, Nos. 05-5487, et al. (Order of Mar. 22, 2007).

4

If this Court determines that the district court should consider in the first instance whether the habeas case should be dismissed and the district court order vacated, we ask this Court to deny without prejudice the Government's motion to dismiss the habeas petition and vacate the district court order, as it recently did in <u>Al Ginco</u> v. <u>Bush</u>, Nos. 06-5191, et al. (Order of June 7, 2007).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court vacate the district court order and dismiss the appeal for want of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
 Assistant Attorney General

JONATHAN F. COHN
 Deputy Assistant Attorney General

DOUGLAS N. LETTER
 (202) 514-3602


*/s/ Robert M. Loeb*
ROBERT M. LOEB
 (202) 514-4332


*/s/ Catherine Y. Hancock*
CATHERINE Y. HANCOCK
 (202) 514-3469
Attorneys, Appellate Staff
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, I filed and served the foregoing Motion to Vacate the District Court Order and Dismiss the Habeas Appeal for Lack of Jurisdiction by causing an original and four copies to be delivered to the Court via hand delivery, and by causing one paper copy to be delivered to lead counsel of record via Federal Express:

Donald Allen Klein
SCHIFF HARDIN LLP
824 Garrison Ave.
Teaneck, NJ 07666
201-801-0850

_____
Catherine Y. Hancock

# EXHIBIT B

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5148**                                      **September Term, 2006**

06cv01767

Filed On:

Mohamed Al-Zarnouqi, Detainee, et al.,
    Appellees

v.

George W. Bush, President of the United States, et al.,
    Appellants



**BEFORE:**    Randolph and Garland, Circuit Judges

### O R D E R

Upon consideration of the motion to vacate the district court order and dismiss the appeal and the response thereto, it is

**ORDERED** that consideration of the motion be deferred and this case held in abeyance pending further order of the court. The parties are directed to file motions to govern further proceedings within thirty days of the Supreme Court's decision in Boumediene v. Bush and Al Odah v. United States, Nos. 06-1195 & 06-1196, cert. granted (U.S. Jun. 29, 2007). In the interim, the court will entertain at any time a motion by appellants to dismiss their own appeal pursuant to Federal Rule of Appellate Procedure 42(b).

**Per Curiam**