UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AL-ZARNOUQI *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No.: 06-1767 (RMU) |
| OBAMA *et al.*, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| AL WADY, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No.: 08-1237 (RMU) |
| OBAMA *et al.*, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| KHAIRKHWA *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No.: 08-1805 (RMU) |
| OBAMA *et al.*, | : | |
| Respondents. | : | |

| | | |
|---|---|---|
| NOORI *et al.*, | : | |
| Petitioners, | : | |
| v. | : | Civil Action No.:  08-1828 (RMU) |
| OBAMA *et al.*, | : | |
| Respondents. | : | |

## OMNIBUS ORDER

It is this 23rd day of April, 2009, hereby

**ORDERED** that, in addition to evidence that falls within the definition articulated in the Case Management Order ("CMO") as amended by this court on November 10, 2008 and by Judge Thomas F. Hogan on December 16, 2008, the government shall construe[1] the definition of "reasonably available evidence" as including the following: information compiled pursuant to Executive Order 13,492; detainees' medical records; and information within the possession or control of the director of the Joint Intelligence Group of the Joint Task Force-Guantanamo; and it is

**FURTHER ORDERED** that the government shall construe its disclosure obligations under both § I.D.1 and § I.E.1 of the CMO as extending to all reasonably available evidence in its possession.[2] In addition, the court reiterates that the government's disclosure obligations under § I.E.2 of the CMO extend to all evidence in the government's possession, whether it is reasonably available or not; and it is

**ORDERED** that the parties shall construe § I.E.2 of the CMO as follows: if the petitioner satisfies the first three prongs of § I.E.2,[3] the petitioner will be presumed to have met the fourth

---

[1] The parties' obligations as defined in this order apply only to cases before the undersigned Judge.

[2] Although the CMO explicitly limits the scope of searches to evidence "reasonably available" to the government with respect to § I.D.1, the court concludes that it is sensible to limit searches under § I.E.1 to "reasonably available" evidence as well, given the fact that petitioners are automatically entitled to information under both § I.D.1 and § I.E.1 upon request, and are not required to make a particularized showing of entitlement to the information.

[3] The first three prongs of § I.E.2 require that the request: (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; and (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful.

prong of § I.E.2[4] unless the government rebuts that presumption by offering **specific** facts explaining how the petitioner's discovery request, if granted, will place an undue burden on the government. Generalized objections will not suffice to rebut the presumption in favor of the petitioner; and it is

**FURTHER ORDERED** that § III(A) be amended as follows: The government's brief in support of judgment on the record is due on or before the 14th day[5] after the filing of the traverse; the petitioner's opposition and/or cross-motion for judgment on the record is due 14 days thereafter; the government's reply and/or opposition to the petitioner's cross-motion is due 7 days thereafter; and the petitioner's reply, if any, is due 7 days after that; and it is

**ORDERED** that on or before May 15, 2009, the government shall file a status report in 06cv1767 and 08cv1805, apprizing the court of the status of their production of information in compliance with this Order.

**SO ORDERED**.

                                                                           RICARDO M. URBINA
                                                                          United States District Judge

---

[4] The fourth prong of § I.E.2 requires that the petitioner "explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful."

[5] "Day" refers to a calendar day.