# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**MOHAMED AL-ZARNOUQI,** *et al.,*      )
                                          )
        **Petitioners,**         )
    **v.**                               )     **Civil No. 06-1767 (RCL)**
                                          )
**BARACK H. OBAMA,** *et al.,*            )
                                          )
        **Respondents.**         )
_____)

## ORDER

Now before the Court is petitioner Mashour Alsabri's (ISN 324) Motion [402] to Enforce the Protective Order.  Upon consideration of the Motion [402], Supporting Memorandum and declarations [403], the government's Opposition [407], the petitioner's Reply [410], the entire record herein, and the applicable law, the Court will grant in part and deny in part petitioner's Motion for the reasons set forth below.

Petitioner has been imprisoned at the United States Naval Base in Guantanamo Bay, Cuba, for approximately 11 years.  Pet'r's Mot. Enforce 1, ECF No. 402.  The Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Protective Order") was entered in petitioner's case on September 11, 2008.  Among other things, it requires the Privilege Team to process legal mail sent by counsel to petitioners within two days of receipt, and delivered within two days of receipt by the military.  Protective Order II.D.12.d, ECF No. 73.  The military likewise has two days to mail legal communications received from detainees.  *Id.* at II.D.13.c.  On February 3, 2011, the Honorable Ricardo Urbina, then assigned to this case, denied Mr. Alsabri's habeas petition.  Order 1, ECF No. 291. Petitioner's case came to an end when the D.C. Circuit affirmed the decision on June 20, 2012. Mandate 1, ECF No. 390.

During the summer of 2012, the government sought to restrict counsel access for detainees whose cases had been dismissed or whose petitions, like Mr. Alsabri's, had been denied.   Petitioners in five Guantanamo cases moved the Court to issue an order confirming that the Protective Order continued to govern petitioners' access to counsel even after their cases came to an end.   *See* Scheduling Order 1–2, *In re Guantanamo Bay Continued Access to Counsel*, Misc. No. 12-398 (D.D.C. Jul. 27, 2012), ECF No. 7.   Noting that in "the case of Guantanamo detainees, access to the courts means nothing without access to counsel," this Court determined that the Protective Order remained in effect whether or not a detainee had an active case.   *In re Guantanamo Bay Continued Access to Counsel*, 892 F. Supp. 2d 8, 28 (D.D.C. 2012) ("*Counsel Access* decision"); Order 1–2, Misc. No. 12-398, ECF No. 32.   Although the government never filed a motion to stay the Court's Order, the government did file a timely appeal but then moved to dismiss the appeal—a motion that the Court of Appeals granted on January 11, 2013.   Order 1, *Abdah v. Obama*, No. 12-5350 (D.C. Cir. Jan. 11, 2013), Pacer No. 1414803.

The *Counsel Access* decision was entered in only five Guantanamo cases.   Petitioner Alsabri's case was not one of those.   In the wake of the government's dismissal of its appeal of the *Counsel Access* decision, its practice has been to ask petitioners to enter into a stipulated agreement confirming that the Protective Order continues to govern their cases.   *See, e.g.*, Stipulation & Order 1, ECF No. 408.   Such a stipulated agreement was entered in this case by order on March 8, 2013.[1]   *Id.*

---

[1] The question presented in the *Counsel Access* decision was whether the Protective Order—as a matter of law— survived the dismissal or denial of a habeas petitioner's case.   As the decision forcefully demonstrated, it does.

On February 5, 2013, the Department of Justice notified petitioner's counsel that "the DOD Privilege Team has been holding legal mail received from your client Mr. Al Sabri on November 14, 2012, pending completion of the litigation before Chief Judge Lamberth. . . ." DOJ Email, Ex. A to Neff Decl., ECF No. 403-1.  Counsel received Mr. Alsabri's letter two days later.  Pet'r's Mot. 3.  Petitioner has also brought to light evidence that the legal mail sent to detainee Moath Hamza Hamza Ahmed Al Alwi (ISN 028) and received from detainees Suleiman Al-Nahdi (ISN 33) and Mohammed Al-Adahi (ISN 511) had also been held.  DOJ Emails, Exs. C & D to Neff Decl., 403-3–4.

Petitioner sees this as a clear violation of the Protective Order and asks the Court to hold an evidentiary hearing to determine the party or parties responsible for the violation, the full scope of the violation, and to fashion an appropriate remedy.   Pet'r's Mot. 5–7.  Petitioner also asks that the "party or parties responsible . . . should be required to provide detailed information regarding any remedial measures undertaken to prevent further violations of the Protective Order . . . ."  *Id.* at 7–8.   Petitioner avers that after the hearing he will move for "appropriate relief," including a reprimand of any parties found to have violated the requirements of the Protective Order.  *Id.*

The government apologizes for the delay in delivering petitioner's letter and assures the Court that the "situation that gave rise to Alsabri's motion was a one-time, temporary delay . . . ."  Gov't Opp'n 1, ECF No. 407.  The government says that it "did not have any policy or intention to deprive Petitioner or any other Guantanamo detainee of legal mail."  *Id.*   This event

---

Thus, it is clear to the Court that the Protective Order continues to govern the instant case.  Although the Court supports the government's practice of entering into stipulated agreements confirming the ongoing effectiveness of the Protective Order, it believes such agreements are unnecessary.

3

was caused by "regrettable oversight, together with a turnover in personnel" that occurred as a result of the government's initial decision to temporarily hold legal mail pending the outcome of its appeal of the *Counsel Access* decision.  *Id.* at 4–5.  The mail was held by the Privilege Team, unopened, in a safe at the secure facility.  *Id.*  The attorney-client privilege was never threatened. *Id.*  After the government decided to dismiss its appeal, the delay in delivering legal mail was caused by "human error, not design."  *Id.* at 2.  The government reiterates its apology and says that it has "implemented corrective measures," including making sure that "appropriate personnel are notified in the event that a question about processing legal mail arises in the future" in a "good-faith effort to ensure that this situation will not happen again."  *Id.* at 7.

The government states that it has now processed and delivered the accidentally-held legal mail in this case, and the Court will take the government at its word.  The Court, therefore, sees no reason to hold a hearing at this time.  However, the Court is concerned with the continuing erosion of counsel access at Guantanamo.  The government's decision to hold legal mail in this and other cases *without notifying the Court or petitioners' counsel* or moving for a stay pending appeal after the *Counsel Access* decision makes it more difficult for the parties and the Court to resolve these complicated, thorny cases and threatens the government's credibility.  The government's decision to curtail flights to Guantanamo has further interfered with petitioners' counsel's ability to represent their clients.  *See* Pet'r's Reply 3–4, ECF No. 410.  Moreover, attorneys for at least 11 detainees have reported to the Court that the federal sequester has placed a budgetary burden on their offices, forcing them to cancel or postpone visits to their clients.  *See* Mot. Continue Stay 1–2, *Nadir Omar Abdullah Bin Sa'Adoun Alsa'ary (ISN 30) v. Obama*, Civ. No. 09-745, ECF No. 1703 (D.D.C. Apr. 10, 2013).  Given that telephone calls to Guantanamo

take a minimum of 20 days to schedule, last a maximum of 30 minutes, and are monitored, this has effectively eviscerated many of the protections established over the last decade in court ruling after court ruling. *See id.* Moreover, in a closed hearing held on May 3, 2013, in the case of *Hatim v. Obama*, 05-cv-1429, the Court learned that new restrictions on where detainees can meet with counsel at Guantanamo were imposed last September. Those restrictions will be addressed in the *Hatim* case.

Nevertheless, given the facts of *this* case and the relief sought, it is hereby

**ORDERED** that the petitioner's request for an evidentiary hearing is **DENIED**; and it is

**FURTHER ORDERED** that, within thirty days from the date of this order, respondents shall submit to the Court an accounting of all legal mail not processed in accordance with the Protective Order in all cases involving Guantanamo detainees. The accounting shall include (1) the name of the detainee, (2) the associated case number, (3) the date upon which the mail was submitted to or received by respondents, (4) the addressee(s) of the legal mail, (5) the date on which it was delivered or made available to the intended recipient(s), (6) the number of days between its submission to respondents and its delivery, (7) the reason for delay, and (8) whether the parties have entered into a stipulated agreement confirming that the Protective Order continues to govern in each case.

**SO ORDERED.**

**Signed by Royce C. Lamberth, Chief Judge, on May 6, 2013**.